# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| | ) Case No. 1:16-cr-632-JMC |
| | ) **ORDER AND OPINION** |
| v. | ) |
| Hannah Carroll, | ) |
| Defendant. | ) |

This matter is before the court on Defendant Hannah Carroll's ("Defendant") Motion for Reduction in Sentence (ECF No. 1017) filed on April 20, 2020. After reviewing the Motion, pertinent law, and the record, the court **DENIES** Defendant's Motion for Reduction in Sentence (ECF No. 1017) without prejudice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On February 28, 2017, Defendant pled guilty to Count 1 of the Indictment which charged Conspiracy to Commit Racketeering, a violation of Title 18 U.S.C. §1962(4). On September 20, 2018, Defendant was sentenced to thirty-three (33) months of imprisonment followed by three years of supervised release. Defendant turned herself in to the Federal Bureau of Prisons on January 5, 2019.

During Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In her Motion, Defendant requests that the court modify or reduce her sentence of thirty-three (33) months of imprisonment and immediately release her from federal prison to live with her daughter and son-in-law at their home due to the seriousness of COVID-19. (ECF No. 1017 at 2.) Defendant is a 63-year old non-violent offender. Defendant alleges that she is not a risk to the public if released, and she faces serious and unavoidable health problems if she were to remain incarcerated for the remainder of her sentence due to kidney issues and high blood pressure. Defendant has clarified that she is seeking release under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, § 12003(b)(2) (2020).

## II. LEGAL STANDARD

On April 3, 2020, Attorney General William Barr exercised emergency authority under Section 12003(b)(2) of the CARES Act to expand the group of inmates who may be considered for home confinement in light of emergency conditions caused by the COVID-19 virus and its effect on the prison population. Through the CARES Act, the Attorney General expanded the "cohort of inmates who can be considered for home release" to include "all at-risk inmates" at facilities "where [the BOP] determines that COVID-19 is materially affecting operations."[1] Notably, under this program, an inmate need not apply for the BOP to release him on home confinement. *Id*.

However, as the CARES Act outlines, the BOP has exclusive authority to determine the placement of prisoners. *See* 18 U.S.C. § 3624(c)(2). The First Step Act, CARES Act, and Second Chance Act merely give eligible inmates the possibility to be considered for home confinement or halfway house placement. *See United States v. Kluge*, No. 17-cr-61 (DWF), 2020 WL 209287 at *3 (D. Minn. Jan 14, 2020) ("Nothing in the statutes amended by the FSA permits the Court to place Defendant in home confinement. Under the FSA, the authority to place a prisoner remains

---

[1] Mem. from Att'y Gen. to Dir., BOP 1-2 (Apr. 3, 2020) (last accessed April 23, 2020) http://www.justice.gov/file/1266661/download.

with the BOP."); *see also Xiao v. La Tuna Fed. Corr. Inst.*, No. EP-19-CV-97-KC, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019) ("The Attorney General—and by delegation the BOP— has the exclusive authority and discretion to designate the place of an inmate's confinement."); *Ward v. Bureau of Prisons*, No. 3:19-CV-770-D-BN, 2019 WL 1930025, at *2 (N.D. Tex. Apr. 2, 2019) (observing that First Step Act and Second Chance Act govern the BOP's discretion to place inmates in particular facilities, including home confinement), report and recommendation adopted, No. 3:19-CV-0770-D, 2019 WL 1924903 (N.D. Tex. Apr. 30, 2019).

Although the First Step Act expanded release opportunities, courts have observed that "it is BOP—not the courts—who decides whether home detention is appropriate. Rather than mandate any particular home confinement decision, Congress instead directed BOP to place prisoners on home confinement 'to the extent practicable.'" *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019); *see also United States v. Burkhart,* No. 6: 03-036-DCR, 2019 WL 615354, at *2 (E.D. Ky. Feb. 13, 2019) (stating that the First Step Act "did not modify the requirement that the Bureau of Prisons, not the Court, make the decision to place a prisoner on home confinement or in a residential re-entry center.").

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on her behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).

To warrant a reduction of her sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

After reviewing the applicable law and facts presented here, the court finds that Defendant is not entitled to relief under the CARES Act or otherwise. A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Although Defendant does not invoke 18 U.S.C. § 3582(c) as a basis for relief, she does not appear to have exhausted her administrative remedies in this regard, and is therefore not eligible for relief under the statute.

Specifically, Section 3582(c)(1)(A)(i) now provides that:

> the court may reduce an imposed term of imprisonment upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, after considering the applicable factors set forth in section 3553(a).

Here, Defendant, not the BOP, filed the instant Motion. Defendant does not represent that she has exhausted all of her administrative remedies with the BOP under § 3582(c)(1)(A)(i) or that "the exhaustion requirement should be deemed satisfied or entirely dispensed with due to the BOP's failure to address the dangers of the pandemic." *See United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). Therefore, since Defendant has failed to exhaust her administrative remedies, the court does not possess authority to grant relief under § 3582(c)(1)(A)(i). *See id.*; *see also United States v. Cohen*, No. 1:18-cr-602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020) (finding that the defendant was "manifestly ineligible for compassionate release and ha[d] not exhausted her administrative remedies");

*United States v. Hernandez*, No. 19-cr-834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020).

The court understands why someone in Defendant's situation would be concerned. That concern is shared by everyone who finds themselves currently incarcerated – not just in South Carolina, or the United States, but also globally. However, this court is also bound by the confines of the law, and a district court does not possess the requisite legal authority to modify or reduce a defendant's sentence under a theory of compassionate release where the defendant has not first completed the BOP petition process. Implementation of the CARES Act has not altered that reality. Indeed, Attorney General Barr's memorandum discussing the CARES Act instructs the BOP, not courts, to maximize transfer to home confinement of "all appropriate inmates." *See United States v. James*, No. 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) (discussing the limitations of courts in spite of the CARES Act's expansion of authority to the BOP).

Indeed, the Third Circuit's guidance on this issue is quite instructive. In *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020), the Third Circuit was faced with a similar situation. There, an inmate, Raia, requested a compassionate release because he faced heightened risk of serious illness or death from COVID-19 due to his age ((68) sixty-eight-years old), Parkinson's Disease, diabetes, and his heart issues. Raia petitioned the district court without first exhausting his administrative remedies with the BOP. Raia also filed a motion with the Third Circuit Court of Appeals requesting that Court to release him under a theory of compassionate release before the district court had time to rule on the same request.

The district court then denied the motion "concluding that the pending appeal divested it of jurisdiction" but noting in a footnote that the district court "would have granted the motion and released Raia to home confinement due to the increased risk posed by a custodial term in light of COVID-19." *Raia*, 2020 WL 1647922, at *2. Raia, then petitioned the Third Circuit to

remand the case back to the district court. Reveealingly, in denying Raia's Motion to Remand, the Third Circuit signaled that the district court's pronouncement to grant Raia's motion despite his failure to exhaust administrative remedies would be improper.

> **But any remand would be futile. As noted, Raia failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: BOP has not had thirty days to consider Raia's request to move for compassionate release on his behalf, nor has Raia administratively exhausted any adverse decision by BOP. Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.**

*Id*. (emphasis added)

Moreover, the *Raia* Court described the following:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. *See generally* Federal Bureau of Prisons, *COVID- 19 Action Plan* (Mar. 13, 2020, 3:09 PM).

*Id.* at 8.

Similarly, here, the court certainly does not mean to minimize the risks that COVID-19 may cause to Defendant and to inmates like her. However, "given BOP's shared desire for a safe and healthy prison environment" this court concludes that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. To date, Defendant has not established that she has fully satisfied that exhaustion requirement. *See* § 3582(c)(1)(A)(i) ("after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Consequently, Defendant's Motion for Reduction in Sentence (ECF No. 1017) is hereby **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants Motion for Reduction in Sentence (ECF No. 1017) without prejudice.

**IT IS SO ORDERED.**

April 24, 2020
Columbia, SC

*J. Michelle Childs*

United States District Judge
